[650 NYS2d 652]

In the Matter of STEVEN N. WEISMAN (Admitted as STEVEN NEIL WEISMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 3, 1996

### APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Stephen C. Cooper* for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent, Steven N. Weisman, was admitted to the

practice of law in the State of New York by the Second Judicial Department on June 20, 1984, as Steven Neil Weisman. At all relevant times, he maintained an office for the practice of law within the First Judicial Department.

By motion dated July 9, 1996, the Departmental Disciplinary Committee sought an order pursuant to 22 NYCRR 603.4 (e) (1) (iii) immediately suspending respondent from the practice of law until further order of the Court upon uncontested evidence of professional misconduct, including, *inter alia*, failure to preserve the identity of client funds and falsifying an affidavit submitted to the Court. He now seeks an order, pursuant to 22 NYCRR 603.11, permitting him to resign in the face of the allegations of misconduct currently being investigated by the Departmental Disciplinary Committee.

The Rules of this Court (22 NYCRR 603.11 [a]) provide that an attorney under investigation may resign if he states that such resignation is freely and voluntarily rendered, not resulting from coercion or duress, and that he is fully aware of the implications of his actions, that is, that his name would be stricken from the roll of attorneys. He must also admit his awareness of any pending investigation into allegations, and admit that he cannot successfully defend himself on the merits against the charges.

The respondent has submitted an affidavit which satisfies these requirements. The petitioner supports the respondent's request for permission to resign.

Accordingly, the Departmental Disciplinary Committee's motion for an immediate suspension should be denied as moot and respondent's resignation should be accepted and his name should be immediately stricken from the roll of attorneys authorized to practice law in this State.

ROSENBERGER, J. P., WALLACH, TOM, MAZZARELLI and ANDRIAS, JJ., concur.

Resignation accepted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective December 3, 1996.